IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**UNITED STATES OF AMERICA**                                                    **RESPONDENT**

**vs.**                                      **No. 1:13-cr-10007-005**
                                             **No. 1:18-cv-1024**

**CURTIS J. COLE**                                                            **MOVANT**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate Under 28 U.S.C. § 2255.[1] ECF No. 293. The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

1. **Background**:

On January 27, 2014, Movant entered a plea of guilty to Count 14 of the Indictment (ECF No. 1) in this case, namely, aiding and abetting in the distribution of more than 50 grams of methamphetamine. ECF No. 120.

Movant was determined to be a career offender under the advisory United States Sentencing Guidelines (USSG) following his plea of guilty to distribution of more than 50 grams of methamphetamine. ECF No. 148, ¶¶ 88-89. As a career offender, the USSG guideline range for Movant was 292-365 Months. ECF No. 149. At sentencing, United States District Judge Susan O.

---

[1] The Motion does not specifically request relief pursuant to section 2255, however, it clearly seeks relief from Movant's conviction and sentence alleging such sentence was unconstitutionally imposed.

Hickey, determined, pursuant to the written Plea Agreement (ECF No. 120, ¶10) Movant should be held responsible for at least 35 grams but less than 50 grams of methamphetamine, resulting in a base offense level of 30 under the USSG (ECF No. 163 and 172, p. 11). Accordingly, his adjusted offense level, in light of his career offender status, was 34. ECF No. 172, p. 12. Further, Judge Hickey departed downward one (1) criminal history category, finding that Movant's criminal history was over stated at Category VI. ECF No. 172, p. 24-25. These findings resulted in the USSG range of imprisonment being 168-210 months. The Movant was sentenced to 168 months imprisonment, 4-years supervised release, a $100.00 special assessment, and permanent denial of Federal Benefits. ECF No. 162.

Movant timely appealed this sentence to the United States Court of Appeals for the Eighth Circuit. ECF No. 165. On February 9, 2015, the Eighth Circuit denied the appeal, finding the appellate waiver of the Plea Agreement binding and enforceable. ECF No. 205-1.

On August 26, 2015, an Unopposed Motion to Reduce Sentence was filed on behalf of the Movant. ECF No. 234. The Court denied the Motion, on August 31, 2015, based on the Movant's sentence having already been reduced by a downward departure at the initial sentencing. ECF No. 237.

**2.  Instant Motion:**

On April 27, 2018, the instant Motion was filed. Movant specifically alleges he was improperly sentenced as a career offender initially and pursuant to *Sessions v. Dimaya*, ____ U.S. ____, 138 S.Ct. 1204 (2018), he is now entitled to relief from the sentence imposed. The Court appointed counsel to assist Movant and directed Counsel to supplement the instant Motion as necessary. On June 29, 2018, counsel filed a Notice of No Supplement, stating as follows:

Although the Court in *Dimaya* concluded that the residual clause of 18 U.S.C. §

> 16(b) is unconstitutionally vague, the decision did nothing to disturb the Court's prior holding that the Sentencing Guidelines are not subject to the same type of void-for-vagueness challenge in *Beckles v. United States*, 137 S. Ct. 886 (2017). In any event, Movant's career offender status appears to have been based upon prior controlled substance convictions rather than upon any prior convictions that were determined to be "crimes of violence" under the career-offender Guidelines. In other words, the finding that Movant was a career offender was not dependent upon application of the residual clause formerly found at U.S.S.G. § 4B1.2(a)(2).

ECF No. 300. Based on the Notice of No Supplement and the analysis below, the Government was not directed to respond to the instant Motion.

**3.    Discussion**:

Assuming *Dimaya* created a new rule of constitutional law, the instant Motion was timely filed within one-year of the Supreme Court's decision in that case. However, the Motion should be denied as *Dimaya* offers Movant no relief based on the facts of his case.

In *Sessions v. Dimaya*, ___ U.S. ___, 138 S.Ct. 1204, (2018) the Supreme Court held the "residual clause" of 18 U.S.C. § 16(b) was unconstitutionally vague as it applied to an "aggravated felony" under the Immigration and Nationality Act. Specifically, Dimaya held that § 16(b) as it related to "a crime of violence" was unconstitutionally vague.

Here Movant was not sentenced as a career offender for crimes of violence. Rather, he was found to have committed two prior drug trafficking crimes which qualified him for career offender status under the USSG. By its very terms *Dimaya* is not applicable to the facts of Movant's case.

Further, Movant was sentenced as a career offender under the USSG. The *Dimaya* decision did not disturb the Court's prior holding in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), wherein the USSG were found not subject to the same void for vagueness challenge. Accordingly, *Dimaya* is inapplicable for this reason as well.

**5.    Conclusion**:

As discussed above, the Motion to Vacate Under 28 U.S.C. § 2255 in this case should be denied as *Sessions v. Dimaya*, ___ U.S. ___, 138 S.Ct. 1204, (2018), is inapplicable to the facts of Movant's case.

**6.    Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 293) be **DENIED** and dismissed with prejudice. The Court further recommends no Certificate of Appealability should be issued in this matter. Likewise, the Court finds no evidentiary hearing is required on this Petition. *See Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984) ("A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record").

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **23rd day of October 2018.**

                                                                   /s/ Barry A. Bryant  
                                                                  HON. BARRY A. BRYANT  
                                                                  U.S. MAGISTRATE JUDGE