IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                            RESPONDENT

v.                                      Case No. 1:13-cr-10007-005

CURTIS J. COLE                                                                        PETITIONER

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 304). Judge Bryant recommends that the Court deny Petitioner Curtis J. Cole's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. (ECF No. 293). Petitioner has filed objections. (ECF No. 308). The Court finds the matter ripe for consideration.

On January 27, 2014, pursuant to a written plea agreement, Petitioner entered a plea of guilty to the charge of aiding and abetting in the distribution of more than 50 grams of methamphetamine. On June 6, 2014, the Court sentenced Petitioner to 168 months of imprisonment; 4 years of supervised release; a $100 special assessment; and permanent denial of federal benefits. (ECF No. 162). The Court also dismissed the remaining count against Petitioner. On June 13, 2014, Petitioner filed a timely notice of appeal of the final judgment, asserting that he received ineffective assistance of counsel. On March 2, 2015, the Eighth Circuit dismissed the appeal, finding that the appeal was barred by a binding and enforceable appeal waiver in Petitioner's plea agreement.

Petitioner subsequently filed the instant motion, alleging that he was improperly sentenced as a career offender. Citing to *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018), Petitioner argues that he is entitled to relief from the sentence imposed on him. Specifically, Petitioner argues

that *Dimaya* found the residual clause of 18 U.S.C. §16(b) to be unconstitutionally vague and, thus, he was improperly found to be a career offender based on "crimes of violence."

The Court referred the matter to Judge Bryant for preparation of a Report and Recommendation. Although the instant motion does not explicitly invoke section 2255, Judge Bryant construed it as such because Petitioner asks for relief from his sentence. Judge Bryant appointed counsel to assist Petitioner with the motion and to file a supplement brief, if necessary. Appointed counsel filed a notice of no supplement, stating that *Dimaya* has no applicability to this case because, per *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), the United States Sentencing Guidelines (the "USSG") are not subject to a void-for-vagueness challenge and, in any event, Petitioner's career-offender status was based on prior controlled-substance convictions rather than prior crimes of violence.

Judge Bryant then issued the instant Report and Recommendation, concluding that *Dimaya* is inapplicable to Petitioner's case because he was not sentenced as a career offender for crimes of violence but, rather, his career-offender status was based on two prior drug-trafficking convictions. Judge Bryant also reasoned that the USSG is not subject to a void-for-vagueness challenge because *Dimaya* did not disturb the Supreme Court's prior holding in *Beckles*. Accordingly, Judge Bryant recommends that the Court deny and dismiss Petitioner's section 2255 motion and decline to issue a certificate of appealability.

Petitioner objects, arguing that he was improperly sentenced as a career offender because he did not have two prior crimes of violence, as his prior controlled-substance convictions were not crimes of violence. He also makes references to receiving ineffective assistance of counsel in connection with his plea agreement.[1]

---

[1] To the extent that Petitioner argues that his sentence should be vacated due to ineffective assistance of counsel, the Court declines to address that argument. A party may not assert arguments, claims, or legal theories in his objections

Upon consideration, the Court finds that Petitioner's objections present no error of fact or law that warrant departure from the Report and Recommendation.[2] In *Dimaya*, the Supreme Court held that the residual clause of 18 U.S.C. § 16(b), which defined "crime of violence," was unconstitutionally vague as it was incorporated into the definition of "aggravated felony" under the Immigration and Nationality Act. *Dimaya*, 138 S. Ct. at 1223. In doing so, the high court relied on a similarly worded clause in the Armed Career Criminal Act that had also been held unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* However, as Judge Bryant found and Petitioner's appointed counsel conceded, *Dimaya* has no application to this case because Petitioner was determined to be a career offender based on his having two controlled-substance convictions, not prior crimes of violence.

Finally, the Court turns to Judge Bryant's recommendation that a certificate of appealability should not be issued. A certificate of appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his

---

to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). Petitioner's section 2255 motion argued only that he was improperly sentenced as a career offender in light of *Dimaya* and made no ineffective-assistance-of-counsel arguments. Thus, Judge Bryant was not presented with an ineffective-assistance-of-counsel argument to consider, and the Court will not consider that argument now for the first time.

[2] A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255). No evidentiary hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007). In this case, Petitioner's habeas motion can be resolved by reviewing the record and applicable law. A thorough review of Petitioner's section 2255 motion, the record, and applicable law shows that he is entitled to no relief. Accordingly, no evidentiary hearing is necessary.

case at present. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court agrees with Judge Bryant that Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a Certificate of Appealability should not be issued.

For the above-stated reasons and upon *de novo* review, the Court finds that Petitioner has presented no error of fact or law upon which a departure from the Report and Recommendation would be appropriate. Accordingly, the Court adopts the Report and Recommendation (ECF No. 304) *in toto*. Petitioner's section 2255 petition (ECF No. 293) is hereby **DENIED AND DISMISSED**. No certificate of appealability shall issue.

**IT IS SO ORDERED**, this 28th day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge